Curia, per O’Neall, J.
The first ground makes the question, whether the damages arising from a deceit can be set off? This question it is not necessary to decide in this case : for the jury, in finding for the plaintiff, decided that the defendant’s predicate of his discount, the deceit of the plaintiff was not established. But, I may be permitted, in vindication of my circuit decision, to say a few words which will, I think, establish its correctness. The words of our discount law are very broad, embracing any cause, matter or thing, and if this matter was now, for the first time, to be decided, might make a very plausible case for the defendant. But in Mitchell v. Gibbes, 2 Bay, 120, it was decided that torts and trespasses were not the subject matter of discount. In that case, the judges said — “The discount law never meant that torts, trespasses, or unascertained damages, should be set off. That it contemplated debts, dues and demands of a pecuniary nature, or something springing out of a contract, where there were mutual covenants, which depended one upon the other.” So in Lightner v. Martin, 2 M'C., 214. Judge Nott said, “ a set off means, a counter demand which the defendant has against the plaintiff; and although our set off law is very comprehensive in its terms, (embracing any cause, matter or thing,) yet it has always been restricted in its construction to demands arising on contract. Damages *345 arising from slander, assault and battery, deceit and othér cases, sounding merely in damages, have never been considered the subjects of set off.” After these authorities, it would seem to be in vain to talk about the right of a defendant to recover damages against a plaintiff on account of a deceit in the sale of a negro. The case of Adams v. Wylie, 1 N. & M'C. 78, cited by the defendant’s counsel, was not the case of a discount, properly so called. In it, it was held that a vendee, deceived in the purchase of land, may plead, or give it in discount againt a bond for the purchase money. The meaning of the court, collected from the case, is, that a misrepresentation in the sale of land may either entitle the purchaser to be entirely relieved from the purchase money, or to have an abatement, according to the extent and effect of the misrepresentation. It never has been doubted — and the case before us is an illustration of the application of the principle — that deceit committed in the sale of property, would, like anyother fraud, have the effect to discharge the vendee entirely, or partially, from the payment of the consideration money; but the case remains yet to be decided, that it should, by way of discount, entitle the defendant to recover damages against the plaintiff. What is a deceit? It is a tort, arising, it is true, out of a contract; but the damages are unascertained, and are entirely to be measured by the discretion of a jury. These reasons, with the authorities to which I have referred, are sufficient, it seems to me, to show that in ruling this point of law against the defendant, the circuit judge was neither hasty, nor in error. As to the objections to the verdict, for supposed errors in fact, they require no other explanation or answer than those given in the report.
Note. — The reader is referred to a former trial and appeal in this case, to he found in Dudley’s Reports, p. 325. On the subject of discount, see the cases of Madison & Latimer ads. M'Cullough, ante. p. 38, and Ewarts v. Kerr, ante. p. 203, in this volume. R.
Wardlaw & Perrin, for the motion.
Burt, contra.
The motion is dismissed.
Evans, Earle, and Butler, Justices, concurred.